IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Sharon Arnet Jordan,  )
                      )
         Plaintiff,   )
                      )   Civil Action No. 0:17-2354-BHH
v.                    )
                      )
Nancy A. Berryhill, Acting )   **ORDER**
Commissioner of Social Security, )
                      )
         Defendant.   )
_____)

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Sharon Arnet Jordan's ("Plaintiff") claim for supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for SSI in April of 2013, alleging disability beginning on March 18, 2013. Her application was denied initially and upon reconsideration, and she requested a hearing

before an administrative law judge ("ALJ").  A hearing was held on June 15, 2016, at which Plaintiff, who was represented by counsel, appeared and testified.  The ALJ also heard testimony from a vocational expert ("VE").  The ALJ issued a decision on July 8, 2016, denying Plaintiff's claim.  Plaintiff requested review of the decision, and on June 30, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review of the Commissioner's final decision on September 1, 2017.

Plaintiff was born in 1970 and was 42 years old on the date her application was filed.  She has a high school education and past relevant work experience as an inspector and a cashier.  She alleges disability due to a heart attack, high blood pressure, diabetes, anxiety, high cholesterol, and bronchitis.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*  If a party fails to file any specific objections, this Court "need not conduct a de novo review, but instead must only satisfy

2

itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application was filed on April 10, 2013. Next, the ALJ determined that

4

Plaintiff has the following severe impairments: coronary artery disease after stenting, chronic congestive heart failure, hypertension, obesity, and diabetes mellitus. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). The ALJ found that Plaintiff has no past relevant work, but that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. Therefore, the ALJ found that Plaintiff was not disabled from the date her application was filed.

## II.     The Court's Review[1]

In this action seeking judicial review, Plaintiff asserts the following allegations of error: (1) the ALJ did not explain her findings regarding the Plaintiff's RFC, as required by Social Security Ruling 96-8p; and (2) the ALJ failed to evaluate Plaintiff's subjective statements pursuant to the federal regulations and Social Security Ruling 16-3p.

In her Report, the Magistrate Judge outlined the evidence and examined Plaintiff's claims but ultimately found no merit to those claims. Instead, the Magistrate Judge determined that the ALJ's decision was well-reasoned and based upon substantial evidence.

---

[1] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

Plaintiff filed objections to the Magistrate Judge's Report, essentially reasserting the arguments raised in her brief. To the extent Plaintiff makes specific objections to the Report, the Court considers them below.

I. **Plaintiff's RFC**

As previously mentioned, Plaintiff alleges that the ALJ did not explain her findings with respect to Plaintiff's RFC in accordance with Social Security Ruling 96-8p. Specifically, Plaintiff asserts that the ALJ failed to explain how she accounted for the significant weight afforded to the opinion evidence in determining Plaintiff's RFC and that the ALJ failed to account for Plaintiff's lower extremity pain.

As the Magistrate Judge properly explained, an individual's RFC is an assessment of her "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p at *1. An ALJ assesses a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(a)(4).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p. Thus, an ALJ can give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-cv-801, 2014 WL 3547387, at *4 n. 7 (M.D.N.C. July 17, 2014). However, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis

6

for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). In other words, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Here, Plaintiff objects to the Magistrate Judge's determination that the ALJ was not required to include every limitation found by a physician when giving that physician's opinion significant weight. Specifically, Plaintiff states, "While it is true that the ALJ does not have to include the restrictions in the RFC, the ALJ's failure to explain why she did not include them requires remand." (ECF No. 23 at 1.) After review, the Court disagrees with Plaintiff.

As the Magistrate Judge explained, the additional limitations at issue concern "the agency reviewers' opinions that Jordan could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could never climb ladders, ropes, and scaffolds; and should avoid concentrated exposure to extreme cold, heat, fumes, odors, dusts, gases, poor ventilation and hazards." (ECF No. 22 at 7.) As an initial matter, the Magistrate Judge is correct that the law does not require the ALJ to incorporate in Plaintiff's RFC every limitation found by a physician whose opinion the ALJ gave significant weight. *See, e.g.*, *Labanowski v. Colvin*, No. 0:15-2250-RMG-PJG, 2016 WL 4523164, at *4 (D.S.C. July 19, 2016), *adopted by* 2016 WL 4522663 (D.S.C. Aug. 16, 2016) ("[E]ven when an ALJ gives considerable weight to an opinion, he is not required to adopt an opinion wholesale and include every degree of limitation in the RFC."). Moreover, the Court

7

disagrees with Plaintiff that the ALJ's failure to explain why she did not include the additional postural and environmental limitations requires remand.

First, with respect to the postural limitations, the ALJ limited Plaintiff's RFC to the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), and Social Security Ruling 96-9p explains that "[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." S.S.R. 96-9p, 1996 WL 374185, *7. Thus, even if the ALJ had adopted these additional limitations, they would not have altered the outcome of the ALJ's decision.

Next, the Court agrees with the Magistrate Judge that the ALJ properly considered and explained why she did not include additional environmental limitations. Specifically, the ALJ found Plaintiff's allegations of asthma and COPD nonsevere, *i.e.*, not causing more than a minimal limitation in Plaintiff's ability to perform work-related activities. In so finding, the ALJ reviewed the medical findings regarding Plaintiff's alleged breathing issues and discounted Plaintiff's allegations based on the numerous normal findings and diagnostic tests as well as Plaintiff's failure to follow repeated instructions to cease smoking and her statement that she has shortness of breath occasionally and only as a side effect of medication. Thus, the Court does not agree with Plaintiff that the ALJ arbitrarily substituted her judgment for a medical opinion. Moreover, the Court finds that the ALJ's decision, as a whole, reflects why she rejected additional environmental limitations in determining Plaintiff's RFC.

Plaintiff next objects to the Magistrate Judge's finding that the ALJ properly

considered Plaintiff's lower extremity pain in determining her RFC.  Plaintiff asserts that, in finding that the ALJ observed findings of normal range of motion and strength and no tenderness, the Magistrate Judge failed to acknowledge the fact that the ALJ only cited one record in support of that statement.

After consideration, the Court finds Plaintiff's objection without merit.  First, it is clear that the ALJ considered Plaintiff's lower extremity pain in finding Plaintiff's RFC, as she specifically mentioned Plaintiff's neuropathy in both feet prior to limiting her to sedentary work.  It is also clear that the ALJ's RFC assessment was not based solely on a diagnosis of neuropathy, but also on the ALJ's assessment of Plaintiff's subjective complaints of leg pain and numbness, as well as the ALJ's finding that Plaintiff "had normal range of motion, normal strength and no tenderness upon musculoskeletal examination *on several occasions*." (ECF No. 10-2 at 23 (emphasis added).)  Although Plaintiff is correct that the ALJ only cited to one record to support this statement, the Fourth Circuit has acknowledged that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).  And the Court finds that the ALJ's reference to "several occasions" of normal findings shows that her decision was not based solely on one record and is, in fact, consistent with other evidence in the record despite the fact that the ALJ did not specifically refer to those pieces of evidence.  Ultimately, although Plaintiff disagrees with the ALJ's assessment, it is not this Court's role to reweigh conflicting evidence, and the Court finds that the Commissioner's decision as a whole reflects how she considered and weighed the evidence of record in determining Plaintiff's RFC.  Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that the Commissioner's RFC

determination is not supported by substantial evidence. *Mastro,* 270 F.3d at 176 (noting that a reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency in assessing whether substantial evidence supports a decision); *Colvard v. Chater*, 59 F.3d 165, *2 (4th Cir. 1995) ("The determination of a claimant's residual functioning capacity lies with the ALJ, not a physician, and is based upon all relevant evidence.") (citing 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946).

## II.     Plaintiff's Subjective Complaints

Plaintiff next alleges that the ALJ erred in evaluating her subjective complaints. Specifically, Plaintiff contends the ALJ omitted significant evidence regarding her problems with walking and pain in her lower extremities (also related to her prior argument discussed above). Plaintiff also claims the ALJ erred in finding Plaintiff's statements inconsistent based on an alleged clerical error in the transcript.

In accordance with Social Security Ruling 16-3p, an adjudicator must evaluate the intensity and persistence of a claimant's symptoms to determine whether those symptoms limit the claimant's ability to perform work-related activities. In evaluating a claimant's subjective symptoms, an adjudicator follows a two-step process. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (explaining the two-step process in determining whether a person is disabled by pain or other symptoms). First, an adjudicator determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. Second, an adjudicator evaluates the intensity and persistence of a claimant's symptoms to determine the extent to which they limit the

10

claimant's ability to perform work-related activities. *See id.*; *see also* SSR 16-3p. Social Security Ruling 16-3p indicates that an adjudicator "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." S.S.R. 16-3p. Rather, a report of minimal findings or inconsistencies in the objective evidence is one of many factors an adjudicator considers in evaluating intensity, persistence, and pace. In addition, if an adjudicator cannot make a favorable disability determination based solely on the objective medical evidence, then the adjudicator considers other evidence, including statements from the individual, medical sources, and other sources that may have information about the symptoms. *Id.* In addition, as the Magistrate Judge noted:

> In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

S.S.R. 16-3p, *10. In evaluating a claimant's subjective complaints, the following factors are relevant: daily activities; the location, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, used to alleviate pain or other symptoms; other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3).

11

Here, the Magistrate Judge found that the ALJ adequately explained why she discredited some of Plaintiff's subjective complaints. In so doing, the Magistrate Judge quoted extensively from the ALJ's decision and ultimately determined that "the ALJ's decision reflects careful consideration of the medical evidence and the limitations stemming from Jordan's impairments." (ECF No. 22 at 14.) The Magistrate Judge noted that the ALJ's decision reflects not only consideration of the objective medical evidence but also consideration of Jordan's subjective reports to her physicians and treatment steps taken or not taken by Plaintiff. With regard to the ALJ's reference to Plaintiff's statement that she had an amputation but that there was no evidence of that, the Magistrate Judge noted that even if that statement was due to a clerical error in the transcript, the ALJ gave other reasons supporting her evaluation of Plaintiff's subjective complaints.

Plaintiff objects to the Magistrate Judge's Report, essentially repeating her initial argument that the ALJ erred in evaluating her subjective complaints. Plaintiff takes issue with the Magistrate Judge's finding that the ALJ gave "other reasons" for finding Plaintiff's statements inconsistent with the evidence. Plaintiff contends that the "other reasons" almost exclusively rely on evidence regarding Plaintiff's asthma and breathing problems. In addition, Plaintiff again takes issue with the ALJ's citation to one piece of evidence with regard to her lower extremity pain and numbness.

After review, the Court finds Plaintiff's objections without merit. First, the Court agrees with the Magistrate Judge that even if the ALJ's reference to Plaintiff's alleged statement regarding an amputation was based on a clerical error, the ALJ did not discount Plaintiff's subjective complaints based on that statement alone, and the "other reasons" given by the ALJ for her evaluation are sufficient. As outlined by the Magistrate Judge, a

12

review of the ALJ's decision indicates that she considered the objective medical evidence and noted inconsistencies between the evidence and Plaintiff's subjective complaints, and the Court does not agree with Plaintiff that the Magistrate Judge relied almost exclusively on evidence regarding Plaintiff's asthma and breathing problems in discounting her subjective complaints. Although the ALJ did remark that Plaintiff continued using cigarettes in contravention of her physicians' recommendations and that Plaintiff stated that she had problems breathing occasionally and only as a side effect of medication, the ALJ also noted that her assertions as to her ability to stand, walk, and lift were more restrictive than the evidence supports and explained that the claimant "had normal range of motion, normal strength, and no tenderness upon musculoskeletal examination on several occasions."[2] (ECF No. 10-2 at 23.) The ALJ also noted that Plaintiff attributed her inability to lift to carpal tunnel syndrome, but that there was no medical diagnosis of that. The ALJ thoroughly outlined Plaintiff's activities of daily living and noted that they "have not been significantly affected." (*Id.* at 22.) As to her blurred vision, the ALJ noted that Plaintiff has not sought treatment for vision problems. In all, the Court wholly agrees with the Magistrate Judge that Plaintiff's reference to selective evidence that supports her complaints does not render the ALJ's decision unsupported by substantial evidence. This Court's role is not to re-weigh conflicting evidence or to substitute its judgment for that of the Commissioner. Here, a review of the ALJ's decision indicates that she properly considered inconsistencies between the evidence and Plaintiff's subjective complaints, and

---

[2] Again, although the ALJ cites only one exhibit following this statement, it is clear that she was referring to evidence from "several occasions," and the evidence of record supports that despite the ALJ's failure to specifically identify every piece of evidence supporting that position.

the Court finds that Plaintiff has failed to show that the ALJ's evaluation of Plaintiff's subjective complaints is unsupported by substantial evidence or controlled by an error of law.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 22) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 23) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 7, 2019
Charleston, South Carolina